IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIP H. JOINER-EL,

                              OPINION AND ORDER
           Plaintiff,

                                15-cv-201-bbc

       v.

DAN WESTFIELD, EMILY DAVIDSON,
KATHLEEN NAGLE and EDWARD WALL,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Philip Joiner-El has filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that he was denied parole because of false information presented at his parole hearing, in violation of his right to due process. Plaintiff requests money damages, correction of his prison records and release on parole or a transfer to a work release center. Because plaintiff is a prisoner, I am required to screen his complaint in accordance with 28 U.S.C. §§ 1915 and 1915A.

A threshold question is whether plaintiff may bring his claim under 42 U.S.C. § 1983. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). See also Heck v. Humphrey, 512 U.S. 477 (1994). This rule applies in the context of parole decisions as well. Edwards v. Balisok, 520 U.S. 641, 645 (1997). Thus, to the extent that plaintiff is arguing that

1

defendants denied him parole in violation of his constitutional rights, success on his claim would call into question the validity of his confinement and he would be required to challenge the parole decision in the context of a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting his remedies in state court.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

It is possible that plaintiff could amend his complaint to clarify that the decision whether to grant him parole is discretionary and therefore the relief he requests is simply a new parole hearing rather than an order directing his release.  Burd v. Sessler, 702 F.3d 429, 432 (7th Cir. 2012) ("[A] successful challenge to the procedures used in prison parole hearings would not necessarily entail immediate or speedier release.").  However, if plaintiff made that change to his complaint, it would face a different problem, which is that the due process clause does not apply to discretionary parole decisions.  Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Grennier v. Frank, 453 F.3d 442, 444 (7th Cir. 2006) See also Brown v. Hackbarth, 445 F. App'x 865, 867 (7th Cir. 2011) (claim regarding denial of mandatory parole must be challenged in habeas petition; claim regarding denial of discretionary parole does not state claim under due process clause).

The only remaining wrinkle is that one of plaintiff's requests for relief is to be placed in a work release program.  To the extent that plaintiff is arguing that the due process clause required defendants to place him in such a program, that claim could be raised under § 1983. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991).  However, even if I assume that

placement on work release is not discretionary, that claim would face a problem on the merits because "any due process violation caused by the presence of false or prejudicial information in a prisoner's parole file is remedied by the prisoner's right to review and respond to the objectionable material." <u>Mosley v. Klincar</u>, 947 F.2d 1338, 1341 (7th Cir. 1991).  Plaintiff does not allege in his complaint that he was unable to present his view of the facts during the parole hearing and he admits in documents attached to his complaint that, "[f]or the past 23 years, I have let the Department of Corrections (DOC) personnel know that inaccurate information is contained within my confidential file" and that he had an opportunity to appeal defendants' decision.  Accordingly, I conclude that plaintiff's claim must be dismissed for failure to state a claim upon which relief may be granted.


ORDER

IT IS ORDERED that

1.  Plaintiff Philip Joiner-El's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2.  I am assessing a strike in accordance with 28 U.S.C. § 1915(g).

3.  The clerk of court is directed to enter judgment in favor of defendants Dan Westfield, Emily Davidson, Kathleen Nagle and Edward Wall and close this case.

4.  Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under

Lucien v.  DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust

fund accounts until the filing fee has been paid in full.

Entered this 15th day of May, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge